```
            FILED
    CLERK, U.S. DISTRICT COURT

         JUL 31, 2014

  CENTRAL DISTRICT OF CALIFORNIA
  BY:      PMC      DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMES INTERNATIONAL, a French corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EMPERIA, INC., a California corporation, ANNE-SOPHIE, INC. d/b/a Emperia, a Delaware corporation, and TOP'S HANDBAG INC. d/b/a Emperia, a California corporation<br><br>　　　　　Defendants. | Case No: 2:14-cv-03522-SVW-VBK<br><br>**[PROPOSED] PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL**<br><br>JS-6 |

Plaintiff Hermès International ("Plaintiff" or "Hermès") filed a Complaint (Dkt. No. 1) in this action against defendants Emperia, Inc., Anne-Sophie, Inc. and Top's Handbag Inc. (collectively, "Defendants") alleging trademark infringement, false designation of origin, dilution by tarnishment, and unfair competition based upon the sale of products that infringe Hermès' federal U.S. Trademark Registration Nos. 3,936,105 and 1,806,107. Defendants acknowledge service of the Summons and Complaint. The parties have entered a Settlement Agreement and have jointly stipulated to entry of the following Permanent Injunction and Voluntary Dismissal.  Having considered the parties' stipulation, Court now enters final judgment as follows:

1.    This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, as questions of federal law have been presented under 15 U.S.C. § 1125(a).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.    This Court has personal jurisdiction over all parties to this action.

3.    Continuously since at least as early as 1984, Hermès has manufactured and sold, within the United States and in other countries, a leather handbag which has become known as the "Birkin Bag."  A photograph of a genuine Hermès Birkin Bag is attached hereto as Exhibit A.

4.    Hermès is the owner of U.S. Trademark Registration No. 3,936,105 for the three-dimensional configuration of the Birkin Bag, which registration is in full force and effect.  Hermès is also the owner U.S. Trademark Registration No. 1,806,107 for the strap/turn lock/padlock closure of the Birkin Bag, which registration is in full force and effect and is incontestable.  The designs which are the subject of both registrations shall be referred to herein collectively as the "Birkin Bag Designs."

5.    Defendants have manufactured, offered to sell, and sold products identified in the Complaint ("Accused Products") that Hermès alleges are confusingly similar to the

1

Birkin Bag Designs. Photographs of the Accused Products are attached hereto as Exhibit B. Hermès has alleged that Defendants' actions constitute trademark infringement, false designation of origin, dilution by tarnishment, and unfair competition. Defendants deny the allegations asserted by Hermès in the Complaint.

6. Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Permanent Injunction are hereby permanently restrained and enjoined from infringing upon the Birkin Bag Designs, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale (i) any Accused Products, and (ii) any bag bearing a mark identical or confusingly similar to the Birkin Bag Designs, ((i)-(ii) collectively referred to as the "Enjoined Products"). Furthermore, Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Permanent Injunction are hereby permanently restrained and enjoined from:

(a) Passing off, inducing or enabling others to sell or pass off any products or other items that are not Hermès's genuine merchandise as and for Hermès' genuine merchandise;

(b) Knowingly leasing space to any tenant who is engaged in the manufacturing, purchasing, production, distribution, circulation, sale, offering for sale, importation, exportation, advertisement, promotion, display, shipping, marketing of Enjoined Products;

(c) Knowingly shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving or storing any Enjoined Products except that all previously sold Accused Products returned, shipped or otherwise transferred to Defendants' or their assigns or agents from Defendants' customers as identified in the parties' Settlement Agreement and Mutual

General Release are exempt from the provisions of this Permanent Injunction ; and

(d) Knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraph 6, inclusive of Paragraphs 6(a) to 4(c) above.

7. In the event of any proceedings alleging contempt of this Permanent Injunction, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees and costs in connection therewith.

8. Defendants waive their right to appeal from entry of this Order.

9. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Permanent Injunction, the enforcement thereof, and the punishment of any violations. Except as otherwise provided herein, this action is dismissed.

IT IS SO ORDERED.

Dated: July 31, 2014            _____

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

# EXHIBIT A



4
[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION
CASE NO. 2:14-cv-03522-SVW-VBK

# EXHIBIT B
# (Page 1)



5

[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION
CASE NO. 2:14-cv-03522-SVW-VBK

4846-1985-6668.1

**EXHIBIT B**
**(Page 2)**

# ICON



6

[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION
CASE NO. 2:14-cv-03522-SVW-VBK

**EXHIBIT B**
**(Page 3)**

# LAW



7
[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION
CASE NO. 2:14-cv-03522-SVW-VBK

**EXHIBIT B**
**(Page 4)**

**PRINCIPLE**



8

[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION
CASE NO. 2:14-cv-03522-SVW-VBK

4846-1985-6668.1

**EXHIBIT B**
**(Page 5)**

# VISIONARY



9

[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION
CASE NO. 2:14-cv-03522-SVW-VBK

4846-1985-6668.1

**EXHIBIT B**
**(Page 6)**

# HEARST CASTLE



[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION
CASE NO. 2:14-cv-03522-SVW-VBK

4846-1985-6668.1

**EXHIBIT B**
**(Page 7)**

# __SHORELINE__



[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION
CASE NO. 2:14-cv-03522-SVW-VBK

**EXHIBIT B**
**(Page 8)**

# PETITE ICON

